**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| **Carl Fink,**<br>    Individually and on behalf of all<br>    others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>**Daniels & Norelli, P.C.**<br><br>                Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

Civil Action No. **B-02- .051**

### Plaintiff's Original Complaint

**To the Honorable Judge of the Court:**

Plaintiff Carl Fink ("Plaintiff") complains of Daniels & Norelli, P.C., ("Defendant"), by way of a class action, and shows the Court the following:

### Introduction

1.    This is an individual and class action for damages and injunctive relief for Daniels & Norelli, P.C.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. Sectn. 1692 *et seq.* ("FDCPA") and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Carl Fink brings this class action on behalf of himself and on behalf of all other consumers in this country who are similarly situated, seeking declaratory relief, money damages, restitution, and a preliminary and permanent injunction forcing Daniels & Norelli, P.C. to stop its illegal practices.

**Petition, page**

1

**Jurisdiction and Venue**

3.    Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d) and 28 U.S.C. Section 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367(a).

4.    Venue is proper in the Southern District of Texas, Brownsville Division, under 28 U.S.C. Section 1391(b), (c), and (e).

**Parties**

5.    Carl Fink is a natural person residing in Hidalgo County, Texas. Carl Fink and each of the other members of the class are "consumers" as defined in FDCPA and the Texas Act.

6.    Daniels & Norelli, P.C. is an out-of-state corporation engaged in the business of collecting debts in this judicial district and elsewhere in the state and may be served with process by serving its registered agent for service of process through Fred G. Daniels, Daniels & Norelli, P.C., Attorney at Law, 265 Post Avenue, Suite 150, Westbury, New York, 11590. Daniels & Norelli, P.C. is a "debt collector" as defined by FDCPA and the Texas Act.

**Class Action Allegations**

7.    Carl Fink sues on his own behalf and, as class representative, sues on behalf of (1) a class of all consumers in the United States who have been the victims of the illegal acts of Defendant that violated the FDCPA, beginning one year prior to the date this Complaint is filed, and (2) a class of all consumers residing in Texas who have been victims of the illegal acts of Defendant that violated the Texas

2

Petition, page

Act, two years prior to the date this Complaint is filed.  Class 2 consumers who were the victims of Defendant's acts beginning one year prior to the date this Complaint is filed are also members of Class 1.

8.    Carl Fink brings this lawsuit as a class action because, on information and belief (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) his claims are typical of the claims of the class, and (4) he can and will fairly and adequately protect the interests of the class.   Questions of whether, and to what extent, Defendant engaged in the practices described herein, whether it did so intentionally or knowingly, and whether it thereby violated the law will be common to all members of the class.

9.    The questions of law and fact common to the members of the class predominate over questions affecting only individual members.  The prosecution of individual actions by or against class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant.

10.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  It is appropriate to maintain this lawsuit as a class action because Defendant acted on grounds generally applicable to the class, thereby making both preliminary and final injunctive and declaratory relief appropriate with respect to the class as a whole.

**11.**     Carl Fink's claims are typical of the claims of the class as a whole.  He can and will fairly and adequately protect the interests of the class, because he has retained experienced counsel to represent the class, he has no conflict of interest with the class, and he brings this lawsuit specifically for the protection of the consumers who have been and will be defrauded by these practices, and not solely to recover his personal damages.

## Acts of Agents

12.     Whenever in this Complaint it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or the officers, agents, or employees of Defendant performed or participated in the act on behalf of and under the actual, vicarious, or apparent authority of Defendant.

## Conditions Precedent

13.     All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

## Facts

14.     In collecting debts, Daniels & Norelli, P.C. engaged in a variety of illegal acts and practices in collecting debts, using letters similar to the letter dated January 22, 2002, that it sent to Carl Fink.  This letter is attached hereto as Exhibit 1 and incorporated herein by this reference.   These acts and practices include the following:

a.    Daniels & Norelli, P.C. represented that it would attach or garnish debtors' current wages when, on information and belief, it did not plan to do so and did not in fact do so.

b.    Daniels & Norelli, P.C. represented that if Carl Fink did not contact it to resolve the matter, it would take further legal action to collect a debt when, on information and belief, it did not plan to do so and did not in fact do so.

c.    Daniels & Norelli, P.C. represented that it could commence a lawsuit by attachment of debtors' personal property when, on information and belief, it did not plan to do so and did not in fact do so.

d.    Daniels & Norelli, P.C. represented that it could commence a lawsuit by attachment of debtors' real estate when, on information and belief, it did not plan to do so and did not in fact do so.

e.    Daniels & Norelli, P.C. falsely represented that it could garnish or attach the current wages of Texas residents.

f.    Daniels & Norelli, P.C. falsely represented that it could commence a lawsuit in Texas by attachment of debtors' personal property.

g.    Daniels & Norelli, P.c. falsely represented that it could commence a lawsuit in Texas by attachment of debtors' real estate.

**First Cause of Action**

**Request for Declaratory Relief**

5

**Petition,** page

15.    Plaintiff seeks a declaratory judgment from this Court pursuant to 28 U.S.C. Sections 2201 and 2202, declaring that Daniels & Norelli, P.C. regularly engages in the practices described herein and that these practices violate the FDCPA and the Texas Act.

**Second Cause of Action**

**Request for Relief Pursuant to FDCPA for Class 1**

16.    By the actions set forth above, Daniels & Norelli, P.C. violated the FDCPA as to the members of Class 1.

17.    As a result of its violations of the FDCPA, Daniels & Norelli, P.C. is liable to Plaintiff for his actual damages, statutory damages, and costs and reasonable attorneys' fees. The conduct of Daniels & Norelli, P.C. described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Daniels & Norelli, P.C. additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

18.    On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Daniels & Norelli, P.C. to pay actual damages to all class members consisting of all money obtained by Daniels & Norelli, P.C. through the threat of garnishment or any other illegal act in violation of FDCPA.

**19.**    In addition, Plaintiff seeks on behalf of all other class members, without regard to minimum individual recovery, an award in the amount of the lesser of

6

**Petition**, page

$500,000.00 or 1% of the net worth of Daniels & Norelli, P.C., and reasonable attorneys' fees.

### Third Cause of Action

### Request Relief Pursuant to the Texas Debt Collection Act for Class 2

20.    By the actions set forth above, Daniels & Norelli, P.C. violated the Texas Act as to the members of Class 2.

21.    As a result of its violations of the Texas Act, Daniels & Norelli, P.C. is liable to Plaintiff for his actual damages, statutory damages, and costs and reasonable attorneys' fees.  The conduct of Daniels & Norelli, P.C. as described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition.  Plaintiff is therefore entitled to recover from Daniels & Norelli, P.C. additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

22.    On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Daniels & Norelli, P.C. to restore to all class members all money obtained by Daniels & Norelli, P.C. through the threat of garnishment or any other illegal acts in violation of the Texas Act.

### Prayer

THEREFORE, Plaintiff respectfully prays that this Court:

1.    Upon notice and hearing, but at the earliest possible date, certify this action as a class action.

**Petition**, page

7

2.  Upon final trial of this cause, enter a Declaratory Judgment declaring that the practices complained of herein are illegal and a Permanent Injunction enjoining Daniels & Norelli, P.C. from engaging in the illegal practices set forth herein.

3.  Upon final trial of this cause, award Plaintiff and the members of the class judgment for their damages and statutory civil penalties as set forth herein. Plaintiff further prays that these damages be multiplied pursuant to the provisions of the law.

4.  Award punitive damages in an amount necessary to punish Daniels & Norelli, P.C. for its conduct, in an amount not less than $1,000,000.00.

5.  Award Plaintiff and the class attorneys' fees and costs of court;

6.  Award pre-judgment and post-judgment interest at the maximum rate permitted at law or at equity.

7.  Grant Plaintiff and the class all other relief to which they may show themselves and the class entitled.

**Demand for Jury Trial**

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

**Law Office of Stephen Gardner, PC**
1845 Woodall Rodgers Freeway, Ste. 1750
Dallas, Texas 75201
Telephone:    (214) 954-0663
Telecopier:    (214) 871-8957
Counsel for Plaintiffs and the Class

By: _____
**Stephen Gardner**

8

**Petition**, page

Texas State Bar Number 07660600

**John Ventura**
Texas State Bar Number 20545700
**Law Offices of John Ventura, P.C.**
62 E. Price Road
Brownsville, Texas 78521
Telephone:    (956) 546-9398
Telecopier:    (956) 542-1478
**Counsel for Plaintiffs and the Class**

9

**Petition,** page

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

Carl Fink,
Individually And On Behalf Of All Others
Similarly Situated
V.
Daniels & Norelli, P.C.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  **B-02- 051**

TO: (Name and address of Defendant)

Daniels & Norelli, P.C.
Attorneys At Law
265 Post Avenue, Suite 150
Westbury, New York 11590

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Stephen Gardner
Law Office of Stephen Gardner, P.C.
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201

John Ventura
Law Offices of John Ventura, P.C.
62 E. Price Rd.
Brownsville, Texas 78521

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_____     DATE  _March 18, 2002_
CLERK

_____
(By) DEPUTY CLERK

✎AO 440  (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                          Date                              *Signature of Server*


                                        _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.