IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CARL FINK, Individually and on Behalf of All Others Similarly Situated, Plaintiffs | * * * * * |
| VS. | * CIVIL ACTION NO. B-02-051 * |
| DANIELS & NORELLI, P.C., Defendants | * * |

### DEFENDANT DANIELS & NORELLI, P.C.'S MOTION TO TRANSFER VENUE, AND SUBJECT THERETO, ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW DANIELS & NORELLI, P.C., Defendant in the above entitled and numbered cause, by its undersigned attorneys, and files this its Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand in Response to Plaintiff's Original Complaint, and in support thereof would show the Court as follows:

### PLAINTIFF'S FAILURE TO STATE A CLAIM

1. Defendant states that Plaintiff's Original Complaint fails to state a claim upon which relief can be granted against Defendant and moves the Court to dismiss Plaintiff's Original Complaint on that basis.

### MOTION TO TRANSFER VENUE

2. Pursuant to Rule 12b, Federal Rules of Civil Procedure, Defendant asserts improper venue, and would show the Court that venue is improper in this Court. Defendant objects to venue in Cameron County, Texas, as well as the United States District Court for the Southern District of Texas, Brownsville Division, on the ground that the Southern District of Texas is not a district where venue of this action is proper under 28 U.S.C. §1391, and no basis exists mandating or permitting venue of the action in this district or county. Defendant further specifically denies the venue facts pleaded

in Plaintiff's Original Complaint and points out to this Court that if a cause of action against Defendant exists, which is denied, then the cause of action does not exist in Cameron County or in the Southern District of Texas. Defendant specifically denies that all or part of Plaintiff's causes of action accrued in Cameron County. Defendant would further show the Court that it is subject to personal jurisdiction in New York. Pursuant to the provisions of 28 U.S.C. §1391 and 28 U.S.C. §1406(a), Defendant would therefore request that this case be dismissed, or in the alternative, that it be transferred to the United States District Court for the Southern District of New York, where venue is proper.

## ANSWER

3. The statements contained in Paragraphs 1 and 2 of Plaintiff's Original Complaint do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

4. Defendant denies that this Court has jurisdiction and venue as alleged in Paragraphs 3 and 4 of Plaintiff's Original Complaint.

5. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Original Complaint, and therefore, denies same.

6. Defendant admits that it is a law firm located in the State of New York, whose business includes collecting debts for clients. Defendant further admits that it may be served by serving Fred G. Daniels. Defendant denies all remaining allegations contained in Paragraph 6 of Plaintiffs' Original Complaint not specifically admitted herein.

7. Defendant admits that Plaintiff purports to sue not only for himself individually, but also on behalf of a class of persons residing in the United States, as well as a class of persons residing in the State of Texas. Defendant denies all remaining allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant denies the allegations contained in Paragraphs 8, 9, 10, and 11 of Plaintiff's Original Complaint.

9. The statements contained in Paragraph 12 of Plaintiff's Original Complaint do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

10. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Original Complaint.

11. Defendant admits that it writes letters in its practice as a law firm. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

12. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

13. Defendant denies the allegations contained in Paragraphs 16, 17, 18, and 19 of Plaintiff's Original Complaint.

14. Defendant denies the allegations contained in Paragraphs 20, 21, and 22 of Plaintiff's Original Complaint.

15. Defendant denies that Plaintiff is entitled to a certification of a class, declaratory judgment, injunction, damages, statutory civil penalties, punitive damages, attorney's fees, court costs, prejudgment interest, post-judgment interest, judgment or any other relief prayed for in the prayer of Plaintiff's Original Complaint.

19. All allegations not expressly admitted above are expressly denied.

## AFFIRMATIVE DEFENSES

20. Defendant has not collected or attempted to collect debts or obtain information by fraudulent, deceptive, misleading representations, which representations are required to make the purported violations of the debt collection act actionable.

21. Defendant asserts that neither Plaintiff nor any putative plaintiff class may maintain a cause of action because they have suffered no actual damages or other prerequisites to recovery of a penalty.

22. Plaintiff's claims violate the United States and Texas Constitutions, including the Commerce Clause, U. S. Const. art. I §8, cl. 3.

23. The damages sought by Plaintiff violate the United States and Texas Constitutions, including the excess fine clause of the Eighth Amendment of the U. S. Constitution, and the Due Process protections of the Fourteenth Amendment of the U. S. Constitution.

24. The claims of the representative Plaintiff and the putative class members, or some of them, are barred, in whole or in part, by the applicable statute of limitations.

25. The claims of the representative Plaintiff and the putative class members, or some of them, are barred, in whole or in part, by estoppel, release, and/or waiver.

26. Plaintiff cannot satisfy one or more requirements necessary to certification of a class under Fed. R. Civ. P. 23, and therefore, this action is not properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

27. Plaintiff is not a proper class representative and, therefore, is without standing, authority, or capacity to assert that some or all of these claims or represent the putative class defined in the complaint.

28. The claims of the representative Plaintiff and the putative class members, or some of them, are barred, in whole or in part, by the doctrines of payment and/or accord and satisfaction.

29. Defendant avers the equitable defense of de minimus non curat lex to all of Plaintiff's allegations.

## JURY DEMAND

30. Defendant hereby requests a trial by jury.

WHEREFORE, Defendant requests that Plaintiff's Original Complaint be dismissed with prejudice, and that Defendant be awarded its costs in this matter, and such other relief as Defendant may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. *by permission McFostich*
Attorney-in-Charge
Federal Admissions No. 1941
State Bar No. 04632100
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(210) 542-7441
Fax (210) 541-2170

ATTORNEYS FOR DEFENDANT,
DANIELS & NORELLI, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Daniels & Norelli, P.C.'s Motion to Transfer Venue and, Subject Thereto, Original Answer and Jury Demand in Response to Plaintiff's Original Complaint was served upon opposing counsel, to-wit:

>Stephen Gardner
>Law Office of Stephen Gardner, P.C.
>1845 Woodall Rodgers Freeway, Suite 1750
>Dallas, Texas 75201
>Attorneys for Plaintiff
>
>John Ventura
>Law Offices of John Ventura, P.C.
>62 East Price Road
>Brownsville, Texas 78521
>Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 22d day of April, 2002.

_____
Norton A. Colvin, Jr.