IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARL FINK, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. B-02-051 JURY DEMANDED |
| DANIELS & NORELLI, P.C., Defendant | § § § § | |

### PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Carl Fink files this Response to **Defendant Daniels & Norelli, P.C.'s Motion to Transfer Venue, and Subject Thereto, Original Answer and Jury Demand in Response to Plaintiff's Original Complaint** ("Motion"). Although the Motion is styled as a motion to transfer venue, it also contains a motion to dismiss for failure to state a claim. Both motions are very brief—one paragraph each—and contain neither briefing nor factual allegations. For the reasons stated in this Response, both motions are groundless and should be denied.

### INTRODUCTION

1. Plaintiff is an individual residing in Hidalgo County, within this District.

2. Defendant is a New York law firm that has engaged in debt collection in Texas.

3. On January 22, 2002, Defendant mailed a collection letter to Plaintiff in Pharr, Texas. In that letter, Defendant threatened Plaintiff with "garnishment against your wages." This threat is in direct conflict with the Texas Constitution, which provides that "No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered: (1) child support payments; or (2) spousal

maintenance." TEX. CONST., Art. 16, Sec. 28. The creditor is Chase Manhattan Bank. There is no court-ordered child support or spousal maintenance at issue.

4. Defendant also threatened to initiate a collection lawsuit by attachment of personal and real property, when Texas procedures do not permit such pre-judgment attachment.

5. Defendant also threatened to file a collection suit when, on information and belief, Defendant did not plan to file suit or to recommend that another lawyer file suit.

6. Plaintiff therefore sued Defendant in this Court for violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA) and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas Act"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices such as those in which Defendant has engaged. Because the letter sent to Plaintiff was a form collection effort, Plaintiff filed this as a class action.

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

7. With respect to the motion to dismiss for failure to state a claim, Defendant's entire allegation is "Defendant states that Plaintiff's Original Complaint fails to state a claim upon which relief can be granted against Defendant and moves the Court to dismiss Plaintiff's Original Complaint on that basis." Plaintiff moves the Court to dismiss this motion for failure to comply with Local Rule 7.1B, which requires that a contested motion must include authority.

8. In the event the Court determines that this brief allegation sufficiently states a motion to dismiss for failure to state a claim, Plaintiff will respond.

9. When considering Defendant's motion, the Court must construe the factual allegations in the Complaint in the light most favorable to plaintiff. *Doe v. Hillsboro ISD*, 81 F. 3d 1395, 1401 (5th Cir. 1996). Only if no possible construction of the alleged

facts will entitle plaintiff to relief should the court grant defendant's motion. *Hishon v. King Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-56, 78 S. Ct. 99, 102 (1957). If the factual allegations in the Complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule defendant's motion.

10. In his Original Complaint, Plaintiff alleged violations of the Fair Debt Collection Practices Act and the Texas Debt Collections Practices Act. The Fair Debt Collection Practices Act states that "[a] debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. Section 1692e. In addition, Sections 1692e (4) and (5) specifically state that the following conduct is a violation of the FDCPA:

> (4) The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. Section 1692a(6). The definition includes lawyers. *Heintz v. Jenkins*, 514 291 (1995).

11. Similarly, the Texas Act prohibits a debt collector from (1) threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the debtor's property without proper court proceedings and (2) threatening to take an action prohibited by law. Texas Finance Code, Sections 392.301 (7) & (8).

12. Plaintiff alleged facts necessary to show violations of both the FDCPA and the Texas Act. Those allegations are contained in paragraph 14 of the Complaint, and are summarized above in the Introduction to this Response.

13. Because Plaintiff's factual allegations support a claim upon which the Court may grant relief, the Court should deny Defendant's motion.

### RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE

14. Defendant's pleading in support of its motion to transfer venue is also contained in a single paragraph. Defendant fails to provide sworn denial of any fact alleged in the Complaint or any other positive, sworn venue facts. As with the motion to dismiss, Defendant has failed to comply with Local Rule 7.1B, which requires that a contested motion include authority. Plaintiff therefore moves the Court to dismiss this motion for failure to comply with Local Rule 7.1B.

15. In the event the Court determines that this brief allegation sufficiently states a motion to transfer venue, Plaintiff will respond.

16. Defendant does not contest jurisdiction, but only contests venue. Therefore, any complaint of lack of personal jurisdiction has been waived. FED.R.CIV.P. 12(b)(2), (h). The only issue is venue.

17. Defendant is a corporation. The general venue rule, 28 U.S.C.§ 1391(c), provides that a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Because Defendant has waived any complaint of lack of personal jurisdiction, Section 1391(c) conclusively establishes venue in this District. Even if this were not the case, the law of venue applicable to debt collection case sets venue here.

18. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. 28 U.S.C. § 1391. Plaintiff is a resident of Hidalgo County, Texas, located in the Southern District of Texas. Defendant is a debt collector that collects debts and conducts business in the

Southern District of Texas. The events giving rise to the claim stem from violations of the Fair Debt Collection Practices Act and the Texas Debt Collection Practices Act that occurred in Texas and against Texas residents.

19. The caselaw is replete with cases holding that venue and jurisdiction in a debt collection case lie in the district where the Plaintiff received the collection letter. The leading case is from Defendant's home court of appeals. The Second Circuit held that a letter sent by a Pennsylvania debt collector to a Pennsylvania address, which was then forwarded by the Postal Service to New York, where the debtor had moved, established proper venue in New York, because the harm of wrongful debt collection "does not occur until receipt of the collection notice." *Bates v. C&S Adjustors, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (and cases cited therein).

20. Another case from a New York court concurs. In *Fava v. RRI, Inc.*, 1997 WL 205336 (N.D.N.Y. 1997), the district court held that a debt collection communication from an out-of-state collector to a New York resident was the "very center of controversy" sufficient to establish personal jurisdiction.

21. Other courts agree. *See, e.g., Vlasak v. Rapid Collection Systems, Inc.*, 962 F.Supp. 1096, 1101 (N.D. Ill. 1997) (and cases cited therein at 1101) (by knowingly contacting a debtor in Illinois in seeking to collect a debt, the defendant should reasonably anticipate being sued in Illinois); *Scott v. Universal Fidelity Corp.*, 1999 WL 684122 (N.D. Ill. 1999) (FDCPA claim properly brought in state of debtor's residence).

22. Although Defendant objects to venue in Cameron County, Texas, Defendant does not deny that all or part of Plaintiff's causes of action accrued in the Southern District of Texas. Plaintiff is not required to bring suit in any particular division within a district. *Simpson v. Quality Oil Co.*, 723 F. Supp. 382, 385-86 (S.D. Ind. 1989). Because venue is proper in this district, the Court should deny Defendant's motion to transfer venue.

## Prayer

For these reasons, Plaintiff asks the Court to deny Defendant's Motion. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the court to grant leave to amend.

Respectfully submitted,

Stephen Gardner
Federal ID No. 16111
Law Office of Stephen Gardner, PC
State Bar No. 07660600
1845 Woodall Rodgers Freeway, Ste. 1750
Dallas, Texas 75201
Telephone: (214) 954-0663
Telecopier: (214) 871-8957
Counsel for Plaintiff and the Class

John Ventura
Federal ID No. 1646
State Bar No. 20545700
Law Offices of John Ventura, PC
62 East Price Road
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478
Counsel for Plaintiff and the Class

By: _____
Stephen Gardner

## CERTIFICATE OF SERVICE

A copy of the foregoing was served upon opposing counsel, Norton A. Colvin, Jr. Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, Brownsville, Texas 78522, pursuant to the Federal Rules of Civil Procedure on May 10, 2002.

_____
Stephen Gardner