IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 0 2 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARL FINK, | * | |
| Individually and on Behalf of All Others | * | |
| Similarly Situated, | * | |
| Plaintiffs | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO. B-02-051** |
| | * | |
| DANIELS & NORELLI, P.C., | * | |
| Defendants | * | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Carl Fink and Defendant Daniels & Norelli, P.C. file this Joint Discovery/Case Management Plan and show the Court as follows:

1.     **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

RESPONSE:

The initial meeting of the parties required by Rule 26(f) was held May 22, 2002 and was attended by Stephen Gardner of Law Offices of Stephen Gardner, Attorneys for Plaintiff, and Norton A. Colvin, Jr. of Rodriguez, Colvin & Chaney, L.L.P., Attorneys for Defendant. Discussions continued by telephone on July 22, 2002.

2.     **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

RESPONSE:

There are no related cases.

3.     **Specify the allegation of federal jurisdiction.**

RESPONSE:

Jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, as well as diversity jurisdiction under 28 U.S.C. §1332.

**4.      Name the parties who disagree and the reasons.**

RESPONSE:

   None.


**5.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

RESPONSE:

   The parties are not aware of any anticipated additional parties at this time.


**6.      List anticipated interventions.**

RESPONSE:

   The parties are not aware of any anticipated interventions at this time.


**7.      Describe class-action issues.**

RESPONSE:

   Plaintiffs seek class certification of their claims for damages, restitution, costs and attorney's fees for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas Act"). Plaintiffs will file a class certification motion seeking certification (1) a class of all consumers in the United States who have been the victims of the illegal acts of Defendant that violated the FDCPA, beginning March 17, 2001, and (2) a class of all consumers residing in Texas who have been victims of the illegal acts of Defendant that violated the Texas Act, beginning March 17, 2000.

   Defendant contends that there are class action issues as to similarity of claims, fairness, adequacy, typicality of claims, and numerosity.


**8.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

RESPONSE:

   The parties have agreed to make initial disclosures by September 13, 2002.

9.   **Describe the proposed agreed discovery plan, including:**

    A.   **Responses to all the matters raised in Rule 26(f).**

        No such issues were raised by the parties. The parties have agreed to bifurcate discovery to first allow discovery regarding class certification issues, with discovery regarding the merits to follow after class certification has been determined by the Court.

    B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

        Plaintiff anticipates he will send interrogatories to Defendant by August 1, 2002.

    C.   **When and to whom the defendant anticipates it may send interrogatories.**

        Defendant anticipates it will send interrogatories to Plaintiff within thirty days of the Initial Pretrial and Scheduling Conference.

    D.   **Of whom and by when the plaintiff anticipates taking oral depositions.**

        Plaintiff anticipates taking oral deposition of Defendant's Rule 30(b)(6) witness and any experts designated by Defendant.

    E.   **Of whom and by when the defendant anticipates taking oral depositions.**

        At this time, Defendant anticipates deposing Plaintiff, other putative class members, any expert witnesses designated by Plaintiff, and any individuals identified by Plaintiff as having knowledge of relevant facts relating to class certification issues. Defendant anticipates that the depositions will be completed by December 31, 2002.

    F.   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

        As to class certification, Plaintiff does not anticipate designating an expert. Defendant can designate experts by January 31, 2003.

    G.   **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates that he will take the deposition of any expert designated by Defendant.

**H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable since Plaintiff does not anticipate designating an expert.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

RESPONSE:

The parties are in agreement.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to-date.**

RESPONSE:

No discovery has been undertaken to-date.

**12.    State the date the planned discovery can reasonably be completed.**

RESPONSE:

Discovery relating to class certification issues can be reasonably completed by March 31, 2003.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted.

15.    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

RESPONSE:

The parties have discussed mediating this case after adequate discovery has been conducted.

16.    **Magistrate judges may now hear jury and non-jury trials.    Indicate the parties' joint position on a trial before a magistrate judge.**

RESPONSE:

The parties have not agreed to proceed before the magistrate judge at this time.

17.    **State whether a jury demand has been made and if it was made on time.**

RESPONSE:

A jury demand was timely made.

18.    **Specify the number of hours it will take to present the evidence in this case.**

RESPONSE:

The parties estimate that the class certification hearing will take no more than sixteen hours.  However, the parties may adjust this estimate after completion of discovery regarding class certification issues.

19.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

RESPONSE:

There are no pending motions.

20.    **List other motions pending.**

RESPONSE:

There are no other pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**Attorneys for Plaintiff Carl Fink:**

Stephen Gardner
State Bar No. 07660600
Federal Admissions No. 16111
Law Office of Stephen Gardner, P.C.
1845 Woodall Rogers Freeway, Suite 1750
Dallas, Texas 75201
Phone: (214) 954-0663
Fax: (214) 871-8957

John Ventura
State Bar No. 20545700
Federal Admissions No. 1646
Conrad Bodden
State Bar No. 00796220
Federal Admissions No. 21003
Law Office of John Ventura, P.C.
62 East Price Road
Brownsville, Texas 78521
Phone: (956) 546-9398
Fax: (956) 542-1478

**Attorneys for Defendant Daniels & Norelli, P.C.:**

Norton A. Colvin, Jr.
State Bar No. 04632100
Federal Admissions No. 1944
Rodriguez, Colvin & Chaney, L.L.P.
Post Office Box 2155
Brownsville, Texas 78522
Phone: (956) 542-7441
Fax: (956) 541-2170

Respectfully submitted,

LAW OFFICE OF STEPHEN GARDNER, PC

By: _____
Stephen Gardner
State Bar No. 07660600
Federal Admissions No. 16111
1845 Woodall Rogers Freeway, Suite 1750
Dallas, Texas 75201
Phone: (214) 954-0663
Fax: (214) 871-8957

LAW OFFICE OF JOHN VENTURA, P.C.

By: _____
John Ventura
State Bar No. 20545700
Federal Admissions No. 1646
        Conrad Bodden
State Bar No. 00796220
Federal Admissions No. 21003
62 East Price Road
Brownsville, Texas 78521
Phone: (956) 546-9398
Fax: (956) 542-1478

ATTORNEYS FOR PLAINTIFF, CARL FINK

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr.
Attorney-in-Charge
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
DANIELS & NORELLI, P.C.